UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WATIS McCREA,

 Petitioner,

v.               Case No. 8:15-cv-2938-T-36AAS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

 Respondent.
_____/

**ORDER**

  Watis McCrea, a Florida inmate, timely filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) challenging his Pinellas County conviction. Respondent filed a response (Dkt. 8). McCrea did not file a reply. After review, McCrea's petition will be DENIED.

**Procedural History**

  McCrea pleaded no contest to one count of robbery. (Dkt. 11, Ex. 1, pp. 127-28; Ex. 1a, pp. 193-94). Under the terms of the plea agreement, McCrea received a sentence of 15 years in prison as a habitual felony offender. (Dkt. 11, Ex. 1, pp. 128, 133). The state appellate court *per curiam* affirmed the conviction and sentence. (Dkt. 11, Ex. 5). The state appellate court also *per curiam* affirmed the summary denial of McCrea's motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Dkt. 11, Ex. 9, pp. 1-93; Ex. 12).

**Standard Of Review**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief can only be granted if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254(d) provides that federal habeas relief cannot be granted on a claim adjudicated on the merits in state court unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000). A decision is an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

The AEDPA was meant "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Accordingly, "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Id.* at 694. *See also Harrington v. Richter*, 562 U.S. 86, 103 (2011) ("As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there

was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").

The state appellate court affirmed the denial of postconviction relief without discussion. This decision warrants deference under § 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore,* 278 F.3d 1245, 1254 (11th Cir. 2002). *See also Richter,* 562 U.S. at 99 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."). When a state appellate court issues a silent affirmance, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and "presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S.Ct. 1188, 1192 (2018).

**Ineffective Assistance of Counsel**

Claims of ineffective assistance of counsel are analyzed under the test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a showing of deficient performance by counsel and resulting prejudice. *Id*. at 687. To show deficient performance, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. A court must consider whether, "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id*. at 690. However, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* McCrea must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error

by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691-92. In a plea case, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Obtaining relief on a claim of ineffective assistance of counsel is difficult on federal habeas review because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Richter*, 562 U.S. at 105 (citations omitted). *See also Burt v. Titlow*, 571 U.S. 12, 15 (2013) (this doubly deferential standard of review "gives both the state court and the defense attorney the benefit of the doubt.").

**Discussion**

Grounds One, Two, And Three

McCrea claims that trial counsel was ineffective in his presentation of a motion to suppress. McCrea's claims are barred by the entry of his voluntary plea. Alternatively, McCrea fails to show entitlement to relief under 28 U.S.C. § 2254(d).

A.   *McCrea's Plea*

At the change of plea hearing, counsel explained the terms of McCrea's plea agreement to the court. Counsel stated that McCrea faced a maximum sentence of 30 years in prison but that he agreed with the State to a 15-year sentence as a habitual felony offender. (Dkt. 11, Ex. 1a, p. 194). McCrea then told the court that he understood the rights he waived by entering the plea, that no one had threatened him or coerced him into pleading, and that he was satisfied with counsel's advice. (Dkt. 11, Ex. 1a, pp. 195-96). McCrea also informed the court that he had read and signed the

change of plea form, which listed the rights he was waiving. (*Id.*, p. 196; Dkt. 11, Ex. 1, pp. 127-28). Accordingly, the court found his plea to be freely and voluntarily entered. (Dkt. 11, Ex. 1a, pp. 197-98).

The standard for determining the validity of a guilty plea[1] is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). "A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: 'If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.'" *Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991) (quoting *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980)). The record supports the trial court's finding that McCrea's plea was voluntary. He understood the possible penalty he faced and the sentence he was to receive, as well as the rights that he waived by pleading. (Dkt. 11, Ex. 1, pp. 127-28; Ex. 1a, pp. 195-96). McCrea did not express any doubt or confusion about his rights, his sentence, or his decision to plead, and was not coerced into changing his plea. (Dkt. 11, Ex. 1a, pp. 195-96).

B.  *Waiver Of Ineffective Assistance Of Counsel Claims*

McCrea's ineffective assistance claims involve alleged errors that occurred before the entry of his plea. Accordingly, McCrea's voluntary plea waives federal habeas review of these claims. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred

---

[1] McCrea's no contest plea is analyzed the same as a guilty plea. *Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1982).

prior to the entry of the guilty plea."). McCrea does not argue that any of the alleged errors affected the voluntariness of his plea so as to render the waiver inapplicable. *See Wilson v. United States*, 962 F.2d 996, 997 (11th. Cir. 1992) (after a criminal defendant enters a guilty plea, "only an attack on the voluntary and knowing nature of the plea can be sustained."); *Bullard v. Warden, Jenkins Corr. Center*, 610 Fed. App'x 821, 824 (11th Cir. 2015) ("Mr. Bullard does not contend that his plea was involuntary due to his counsel's failure to file a motion to suppress, so the ineffectiveness claim is waived by the plea.").

C.  *Alternative Merits Review*

Alternatively, McCrea fails to show entitlement to relief on his ineffective assistance claims.

1.  *Factual Background*

Coquina Key is an island in St. Petersburg that is connected to the mainland by two roads. (Dkt. 11, Ex. 1, pp. 160, 170). In the early morning hours of August 2, 2010, two men robbed the 7-Eleven on Coquina Key. (*Id.*, pp. 157-59). The responding officer, Officer Matthew Cleckner, was dispatched to the 7-Eleven at 1:08 a.m. (*Id.*, pp. 157, 163).[2]

Officer Christopher Cooper was traveling southbound on 4th Street N. in St. Petersburg when he heard a radio report of the 7-Eleven robbery in progress. (*Id.*, pp. 169-70, 173). He also heard information that there were two suspects and that a gun was "implied" during the robbery. (*Id.*, p. 174). Officer Cooper made a u-turn and headed north towards Coquina Key. (*Id.*, pp. 173, 177). At approximately 1:09 a.m., he saw a white pickup truck traveling from the direction of Coquina Key's southern access road. (*Id.*, pp. 151, 173, 181). The truck turned onto 4th Street N. and began traveling south. (*Id.*, p. 173). No other traffic was on the roads. (*Id.*, p. 175). When Officer Cooper

---

[2] A subsequent review of the store's surveillance video showed that the robbery occurred at 1:05 a.m. (Dkt. 11, Ex. 1, p. 160).

passed the truck, he could see that two people were inside. (*Id.*, pp. 174-75). Officer Cooper made another u-turn and followed the truck southbound. (*Id.*, p. 174). Officer Cooper initiated a traffic stop and the truck pulled over. (*Id.*, pp. 174, 178). When Officer Cooper stepped out of his car, the truck accelerated and drove away before eventually stopping again. (*Id.*, pp. 174, 179-81). The driver fled on foot while McCrea, the passenger, remained at the scene. (*Id.*, pp. 176, 179-80).

According to McCrea's postconviction motion, after other officers arrived, Officer Kirpan handcuffed McCrea and placed McCrea in the back of a police car. (Dkt. 11, Ex. 9, p. 4). Police saw brown gloves and a blue knit cap on the passenger's seat of the truck, and then found a paper bag containing money inside the glove box and "other clothes" behind the seat. (*Id.*). McCrea states that after police found these items, he was arrested for robbery. (*Id.*, pp. 4-5).

2.  *State Court Proceedings*

Counsel filed a motion to suppress, alleging that Officer Cooper had no probable cause to conduct a traffic stop. (Dkt. 11, Ex. 1, pp. 69-70, 82-85). Accordingly, counsel argued, all evidence found in the truck should be excluded. (*Id.*, pp. 70, 85). The motion was denied after an evidentiary hearing. (*Id.*, p. 87). McCrea subsequently filed a postconviction motion. He alleged, as he does in his federal habeas petition, that counsel should have presented a different argument in moving to suppress the items. McCrea contends that, instead of focusing on the traffic stop, counsel should have argued that the evidence was due to be suppressed based on the illegality of McCrea's physical detention and arrest at the scene. The state court denied McCrea's ineffective assistance claims:

> Defendant alleges that counsel was ineffective for failing to file a Motion to Suppress based upon the grounds of illegal arrest, detention, and search. He claims that, had counsel filed this motion, he would not have entered his no contest plea because there is a high probability that the Court would have granted it. Accordingly, the Court finds that the instant motion is facially sufficient.
> . . .

The record . . . reflects that counsel filed a Motion to Suppress on Defendant's behalf and argued that the search was illegal. However, counsel's motion mainly focused on the allegedly illegal stop, so the Court will address Defendant's instant motion to the extent that he is arguing the search was incident to an unlawful arrest. Defendant claims that law enforcement detained him, handcuffed him, and placed him in the back of a cruiser before discovering a blue knit cap and brown gloves in the passenger seat of the truck, as well as a paper bag with nickels in it and other clothes in other parts of the vehicle. He asserts that there was no probable cause for his detention and arrest, and the items were taken as a result.

The record reflects that, before counsel filed a Motion to Suppress, Defendant filed a *pro se* Motion to Suppress. In that motion, Defendant stated that Officer Cooper had said at some point that he observed a light blue knit cap and a pair of brown gloves in plain view after stopping the vehicle. Witnesses had provided Officer Cleckner, who responded to the scene of the robbery, with a description of the robbers, including the information that one was wearing a light blue knit cap. The record further reflects that the convenience store was located on an island, the truck carrying the co-defendants was the only vehicle around at the time it was observed by Officer Cooper, and the truck was seen in close proximity to the robbery. These circumstances combined with the fact that Officer Cooper very likely would have testified at any Motion to Suppress hearing that he saw a light blue knit cap, like the one seen on one of the perpetrators, in plan view upon stopping the vehicle, make it unlikely that any Motion to Suppress based upon illegal arrest would have been granted because these factors demonstrate that Officer Cooper had probable cause to arrest Defendant. [FN] Therefore, Defendant has not shown that counsel was deficient for failing to file the motion. Counsel cannot be deemed ineffective for failing to file a meritless motion. See Teffeteller [v.Dugger], 734 So. 2d [1009,] 1023 [(Fla. 1999)].

> [FN] Probable cause is "reasonable ground for belief of guilt," "particularized with respect to the person to be searched or seized." Maryland v. Pringle, 540 U.S. 366 (2003) (citing Brinegar v. United States, 338 U.S. 160, 175 (1949); Ybarra v. Illinois, 444 U.S. 85, 91 (1979)).

The Court also finds that Defendant was not prejudiced by the lack of an additional Motion to Suppress. In order to demonstrate prejudice under the second prong of Strickland, in a case in which the defendant enters a guilty or no contest plea, the defendant must show that, but for counsel's deficient performance, there is a reasonable probability that he would not have entered the plea but would have proceeded to trial. See Grosvenor [v. State], 874 So. 2d [1176,] 1179 [(Fla. 2004)]. In determining whether this reasonable probability exists, the Court is to consider the totality of the circumstances, including "whether a particular defense was likely to succeed at trial, the colloquy between the defendant and the trial court at the time of

the plea, and the difference between the sentence imposed under the plea and the maximum possible sentence the defendant faced at trial." Id. at 1181-1182. Defendant, in his motion, bases his assertion that he would not have entered his plea on his argument that the Motion to Suppress, if filed, would have been granted. The Court, as explained above, finds no reasonable probability that the motion would have been granted. The evidence of the robbery having been seized from Defendant's vehicle, it appears that no defense would have been viable in light of the denial of a second Motion to Suppress. Furthermore, Defendant received a sentence of 15 years in prison as an HFO when he was facing a sentence of 30 years in prison as an HFO. Considering the discrepancy between the actual and possible sentence, in combination with the lack of viable defenses and the low likelihood that any further Motion to Suppress would have been granted, the Court finds no reasonable probability that, had counsel filed a further Motion to Suppress, Defendant would not have entered the plea and would have insisted on proceeding to trial. Based upon the foregoing, Defendant's Motion for Postconviction Relief is denied.

(Dkt. 11, Ex. 9, pp. 21-23) (court's record citations omitted).

3. *Analysis*

McCrea does not show entitlement to relief. To prevail on his claim that counsel "fail[ed] to litigate a Fourth Amendment claim competently," McCrea must "prove that his Fourth Amendment claim is meritorious." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). McCrea argued in his postconviction motion that, because police did not see him "doing anything," they had no reasonable suspicion that he had committed a crime and should not have handcuffed him and placed him in a police car. (Dkt. 11, Ex. 9, p. 11).

McCrea has not presented a meritorious claim that counsel could have raised. The investigatory detention was proper. Under *Terry v. Ohio*, 392 U.S. 1 (1968), "[l]aw enforcement officers may briefly detain a person for an investigatory stop if they have a reasonable, articulable suspicion based on objective facts that the person has engaged, or is about to engage, in criminal activity." *United States v. Diaz-Lizaraza*, 981 F.2d 1216, 1220 (11th Cir. 1993). "Reasonable suspicion is determined by the totality of the circumstances." *United States v. Williams*, 185 Fed.

App'x 866, 869 (11th Cir. 2006). Reasonable suspicion must be more than "an inchoate and unparticularized suspicion or hunch" and requires "at least a minimal level of objective justification." *United States v. Acosta*, 363 F.3d 1141, 1145 (11th Cir. 2004) (internal quotation marks and citations omitted). "The reasonable suspicion of criminal activity 'may be formed by observing exclusively legal activity, even if such activity is seemingly innocuous to the ordinary citizen.'" *United States v. Lester*, 477 Fed. App'x 697, 698 (11th Cir. 2012) (quoting *United States v. Lindsey*, 482 F.3d 1285, 1290 (11th Cir. 2007)).

McCrea fails to show that police lacked reasonable suspicion that he had committed a crime at the time he was handcuffed and placed in the police car. Only minutes after Officer Cooper received information about a robbery in progress, he saw a vehicle traveling from the direction of Coquina Key along one of two possible routes. No other traffic was present. And Officer Cooper, who knew that two suspects were involved, could see two occupants in the pickup truck. Furthermore, the truck initially left the traffic stop and accelerated, and when it finally did come to a stop, the driver fled. The totality of these circumstances provided a reasonable suspicion, based on objective facts, that McCrea had been engaged in criminal activity. *See, e.g., United States v. Felix*, 715 Fed. App'x 958, 963 (11th Cir. 2017) (an officer had reasonable suspicion under *Terry* upon noticing an individual matching the description of an armed robber within ten minutes of crime, and in a relatively close proximity to the crime). Accordingly, McCrea cannot show that counsel was ineffective in failing to argue that his detention was improper under *Terry*.

McCrea presents another basis for his ineffective assistance claim, however. He argues that the *Terry* detention matured into an arrest when he was handcuffed and placed inside a police car, but that police had not yet developed the requisite probable cause for an arrest. When considering

an argument that an investigatory stop exceeded its original scope and therefore transformed into an arrest, a court must "determine 'whether the stop was reasonably related in scope to the circumstances which justified the interference in the first place.'" *Acosta*, 363 F.3d at 1145 (quoting *United States v. Sharpe*, 470 U.S. 675, 682 (1985)).

This assessment involves the consideration of four factors. The first factor concerns the law enforcement purposes served by the detention. "[T]he most important consideration is whether the police detained [the defendant] to pursue a method of investigation that was likely to confirm or dispel their suspicions quickly, and with a minimum of interference." *Acosta*, 363 F.3d at 1146 (quoting *United States v. Gil*, 204 F.3d 1347, 1351 (11th Cir. 2000)). McCrea fails to present evidence showing that police did not act quickly for purposes of determining whether he may have been involved in the robbery. Although McCrea was restrained, he fails to establish that this interference, when weighed against other relevant factors, shows that his detention evolved into an arrest. Assessment of the second factor looks at "whether the police were diligent in pursuing their investigation, that is, whether the methods the police used were carried out without unnecessary delay." *Acosta*, 363 F.3d at 1146. Neither the record nor McCrea's allegation indicates any delay or lack of diligence by police.

In evaluating the third factor, a court asks "whether the scope and intrusiveness of the detention exceeded the amount reasonably needed by police to ensure their personal safety." *Id.* "Police are permitted to take reasonable action to protect themselves or to maintain the status quo." *United States v. Fields*, 178 Fed. App'x 890, 893 (11th Cir. 2006). Accordingly, an investigatory stop does not necessarily ripen into an arrest because a defendant is handcuffed or placed in a police car. *Acosta*, 363 F.3d at 1146-47. Here, police had information that a gun was "implied" during the

robbery. Further, because the suspect who fled was on foot, that individual may have remained in the area. Therefore, McCrea fails to show that his being handcuffed and placed in a police car were unreasonable measures to secure the officers' personal safety.

The fourth factor is whether the duration of the detention was reasonable. *Id.* at 1147. This test "is one of 'common sense and ordinary human experience.'" *Id.* (quoting *Sharpe*, 470 U.S. at 685). The record does not establish the length of the detention, and McCrea has not alleged any facts to show that the detention was unreasonably long. Accordingly, McCrea has not shown that his detention developed into an arrest.[3]

McCrea goes on to allege, however, that counsel should have alternatively argued that his formal arrest for robbery was made before valid probable cause was established. According to McCrea's postconviction motion, officers handcuffed him and placed him in the police car, saw items in plain view in the truck, and then searched the truck and found other items before arresting him for robbery. "Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." *United States v. Gonzalez*, 969 F.2d 999, 1002 (11th Cir. 1992). "[T]he probable cause standard is a practical, non-technical conception that deals with the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. Probable cause is a fluid concept–turning on the assessment of probabilities in particular factual contexts–not readily, or even usefully, reduced to a neat set of legal rules." *Maryland v. Pringle*, 540 U.S. 366, 370-71 (2003) (internal quotation marks and citations omitted).

---

[3] Even assuming that the state court did not specifically address McCrea's claim of ineffective assistance regarding his pre-arrest detention and a *de novo* review is therefore warranted, *see Davis v. Sec'y, Dep't of Corr.*, 341 F.3d 1310, 1313 (11th Cir. 2003), the claim fails for the same reasons addressed in the body of this Order.

*See also United States v. Agostino*, 608 F.2d 1035, 1037 (5th Cir. 1979) ("Probable cause must be judged not with the logic of cold steel, but with a common sense view to the realities of everyday life.").

The state court found that probable cause existed to arrest McCrea for robbery in light of the proximity of his apprehension to the crime scene, the fact that the truck was the only vehicle in the area, and the items in plain view that police likely would have seen upon stopping the car. McCrea fails to establish that these circumstances were not "sufficient to warrant a reasonable belief" that he had committed the robbery. *Gonzalez*, 969 F.2d at 1002. Accordingly, McCrea does not show that the state court unreasonably applied *Strickland* because any argument by counsel that police lacked probable cause would have been unsuccessful.

Furthermore, McCrea does not show that counsel was ineffective for failing to argue that the items from the truck were obtained as the result of an unlawful search. Initially, McCrea does not establish that the items located in plain view were subject to suppression. *See, e.g., United States v. Rodgers*, 924 F.2d 219, 221 (11th Cir. 1991) ("The plain view doctrine allows police officers to seize any contraband in plain view if the officers have a right of access to the place where contraband is located."). Further, the money found inside a paper bag in the glove box and the other clothing were obtained as a result of a search incident to McCrea's lawful arrest. In the vehicle context, "a search incident to a lawful arrest [is justified] when it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.'" *Arizona v. Gant*, 556 U.S. 332, 343 (2009) (citation omitted). Given the temporal and physical proximity to the crime and the circumstances surrounding Officer Cooper's observations of the truck and its occupants, McCrea fails to demonstrate that police did not reasonably believe that evidence relevant to the robbery

might be found in the truck.[4]

Accordingly, McCrea does not demonstrate deficient performance because a motion to suppress on the bases McCrea proposes would have failed. Counsel is not ineffective for failing to bring a meritless claim. *See Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) ("Counsel was not ineffective for failing to raise these issues because they clearly lack merit."). Additionally, as the state court noted, McCrea cannot show prejudice. He does not demonstrate a reasonable probability that he would have insisted on proceeding to a trial at which the State could have presented physical evidence recovered from his truck[5] when, upon conviction, he would have faced a sentence twice as long as the sentence he negotiated with the State. *See Hill*, 474 U.S. at 59. Accordingly, because McCrea has not shown that the state court unreasonably applied *Strickland* or unreasonably determined the facts in denying his claim, he is not entitled to relief on Grounds One, Two, or Three.

Ground Four

McCrea argues that the trial court erred in denying his motion to suppress. Ground Four is barred from federal habeas review. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced

---

[4] According to McCrea's postconviction motion, the search of the glove box occurred immediately prior to his formal arrest. This chronology does not render the search improper because probable cause for arrest already existed when police searched the glove box. *See United States v. Hameen*, 2018 WL 6329132 at *8 (M.D. Fla. 2018) ("[B]ecause the search and arrest occurred in close temporal proximity, the search was authorized under the search-incident-to-arrest exception to the warrant requirement even though Defendant was not actually placed under arrest until after the search occurred.") (citing *Rawlings v. Kentucky*, 448 U.S. 98, 111 (1980); *United States v. Banshee*, 91 F.3d 99, 102 (11th Cir. 1996); *United States v. Safeeullah*, 453 Fed. App'x 944, 946 (11th Cir. 2012), and *United States v. Powell*, 483 F.3d 836, 838-42 (D.C. Cir. 2007)).

[5] McCrea states a 7-Eleven employee identified the knit cap and gloves from the truck's front seat, and the paper bag from the glove box. (Dkt. 11, Ex. 9, pp. 5, 6).

at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976) (footnotes omitted). Therefore, to obtain federal habeas review of a Fourth Amendment claim, a petitioner must demonstrate that he "was denied an opportunity for a full and fair litigation of that claim at trial and on direct review." *Id*. at 494, n.37. The phrase "'opportunity for full and fair litigation' means just that: an opportunity." *Lawhorn v. Allen*, 519 F.3d 1272, 1287 (11th Cir. 2008) (quoting *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978)).

McCrea received an opportunity for full and fair litigation of his Fourth Amendment claim. The trial court held an evidentiary hearing, at which two state witnesses were available for cross-examination, and allowed the parties to submit their closing arguments in writing. While the court did not make any factual findings in its order denying the motion, this omission does not prevent application of the *Stone* bar because the facts relevant to McCrea's claim are undisputed.[6] *See Mason v. Allen*, 605 F.3d 1114, 1120 (11th Cir. 2010) ("Mason attempts to distinguish *Stone*, arguing that it should not be applied to his case because the state trial court did not engage in fact-finding . . . We do not find any merit to this argument, as Mason concedes that all the facts relevant to this claim are undisputed."). Further, "full and fair consideration . . . includes at least one evidentiary hearing in a trial court and the availability of meaningful appellate review when there are facts in dispute, and full consideration by an appellate court when the facts are not in dispute." *Id.* (quoting *Bradley v. Nagle*, 212 F.3d 559, 565 (11th Cir. 2000)). McCrea cannot show that the state appellate court failed to afford "full consideration" to his claims. There is no indication that McCrea was limited in his presentation of the claim. And the State did not assert any procedural bars to McCrea's claim, instead addressing it on the merits. (Dkt. 11, Ex. 3). Furthermore, under

---

[6] McCrea did not challenge the facts adduced at the suppression hearing. McCrea relied on these facts in both his written closing argument to the state trial court and his appellate brief. (Dkt. 11, Ex. 1, pp. 82-85; Ex. 2, pp. 2-7).

these circumstances, the state court's silent affirmance is presumed to be a determination on the merits. *Richter*, 562 U.S. at 99. Accordingly, McCrea cannot show that he was denied the opportunity for full and fair litigation of his Fourth Amendment claim. *Stone* therefore bars review of McCrea's claim.

Any claims not specifically addressed in this Order have been determined to be without merit.

It is therefore **ORDERED** that:

1. McCrea's petition (Dkt. 1) is DENIED.

2. The Clerk is directed to enter judgment against McCrea and close this case.

3. McCrea is not entitled to a certificate of appealability ("COA"). A petitioner does not have absolute entitlement to appeal a district court's denial of his habeas petition. 28 U.S.C. § 2253(c)(1). A COA must first issue. *Id*. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, McCrea "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). McCrea has not made this showing. Because McCrea is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida, on March 22, 2019.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

<u>Copies to</u>:
Watis McCrea
Counsel of Record